IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MICHAEL HANSON and CHRISTINA HANSON**, | Case No. 3:13-cv-00704-SI |
| Plaintiffs, | |
| v. | **OPINION AND ORDER** |
| **BRAVO ENVIRONMENTAL NW, INC., a Washington Corporation and PPV, INC., an Oregon Corporation,** | |
| Defendants. | |

Thomas D'Amore and Nicholas A. Kahl, D'amore Law Group, P.C., 4230 Galewood Street, Suite 200, Lake Oswego, OR 97035. Attorneys for Plaintiffs.

Leora Coleman-Fire and Amanda T. Gamblin, Schwabe, Williamson & Wyatt, P.C., Pacwest Center, Suite 1900, 1211 S.W. Fifth Avenue, Portland, OR 97204-3795. Attorneys for Defendants.

**Michael H. Simon, District Judge.**

Plaintiffs Michael Hanson and Christina Hanson ("Plaintiffs") allege that as a result of

the negligence of Defendants Bravo Environmental NW, Inc. ("Bravo") and PPV, Inc. ("PPV"),

PAGE 1 – OPINION AND ORDER

Michael Hanson was severely injured after falling through the rotted floor boards of a water tower that he was working to repair. Plaintiffs assert claims of negligence and loss of consortium. For purposes of diversity jurisdiction under 28 U.S.C. § 1332, the Plaintiffs are Oregon citizens, Bravo is a Washington citizen, and PPV is an Oregon citizen.

On March 27, 2013, Plaintiffs filed this lawsuit against Bravo and PPV (collectively "Defendants") in Multnomah County Circuit Court for the State of Oregon. Shortly thereafter, on April 27, 2013, Defendants removed this action from state to federal court, pursuant to 28 U.S.C. §§ 1441 and 1446. The Defendants argue that PPV was fraudulently joined, and that this court may exercise diversity jurisdiction over the case pursuant to 28 U.S.C. §§ 1332 and 1441 by disregarding the citizenship of "fraudulently joined" PPV. On May 17, 2013, Plaintiffs filed a Motion to Remand the case back to the Multnomah County Circuit Court, pursuant to 28 U.S.C. § 1447. On the same day, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiffs' claims against Bravo and PPV were barred due to the statute of limitations and the exclusive remedy rule.

Because Plaintiffs have stated a viable state-law cause of action against PPV, PPV was not fraudulently joined. As PPV is a citizen of Oregon, there is not complete diversity of citizenship. Thus, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332 to hear Defendants' Motion to Dismiss. Plaintiffs' Motion to Remand (Dkt. 15) is GRANTED.

## BACKGROUND

PPV is a wastewater treatment corporation, incorporated and headquartered in Oregon. Bravo, a subsidiary of PPV, is an infrastructure maintenance company, incorporated and headquartered in Washington. Plaintiffs allege that on June 21, 2010, Mr. Hanson sustained life threatening injuries after falling through the decking of an empty water tank that he was working to repair in Yakima County, Washington during the course of his employment with Bravo.

PAGE 2 – OPINION AND ORDER

At some point after the his injury at the Yakima job site, Mr. Hanson filed a Washington workers' compensation claim and Washington State Department of Labor and Industries accepted the claim. Several years later, on March 27, 2013, Plaintiffs filed this Complaint in Multnomah County Circuit Court, alleging negligence under the Oregon Employer Liability Law, Or. Rev. Stat. § 654.305, and loss of consortium. Although Defendant PPV was named in the caption of the Complaint and defined as an Oregon citizen within the Complaint, there was no cause of action alleged specifically against PPV. Defendants removed this case to federal court on April 26, 2013, arguing that PPV was fraudulently joined to defeat diversity jurisdiction. Because fraudulently joined defendants do not defeat diversity, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009), Defendants argue that complete diversity exists and that this Court has subject matter jurisdiction sufficient to support removal.

On May 17, 2013, Plaintiffs timely moved for remand under 28 U.S.C. § 1447. Plaintiffs argue that Defendants have not met their burden to show that PPV was fraudulently joined, and alternatively, that any defect in the complaint is a "curable pleading deficiency" that can be fixed if the court will allow Plaintiffs to file an amended complaint. Attached as an exhibit, Plaintiffs submitted their proposed amended complaint, which alleges two causes of action against PPV: (1) negligence, under either a principal-agent theory of liability or an alter ego veil piercing theory of liability; and (2) violation of the Oregon Employer Liability Law.

In response to Plaintiffs' Motion to Remand, Defendants argue that the Court should limit its inquiry to the original complaint and should not consider post-removal filings or potential filings. Alternatively, Defendants argue that even considering Plaintiffs' proposed amended complaint, Plaintiffs have not stated a cause of action against PPV because the claims are barred by the Oregon statute of limitations and the exclusive remedy rule. Citing Oregon Revised

Statute § 12.110, Defendants argue that because Plaintiffs have alleged causes of action under Oregon law, the Oregon two-year statute of limitations for personal injury claims applies. Because more than two years have passed since the injury occurred, Defendants argue that Plaintiffs' claims are time barred. Additionally, Defendants argue that the exclusive remedy rule applies (under both Oregon and Washington law), which prohibits employees from recovering for work-related injuries from a workers' compensation system and then suing in court for the same injuries. Bravo maintains workers' compensation coverage for Mr. Hanson in Washington and PPV maintains workers' compensation coverage for Mr. Hanson in Oregon. Mr. Hanson filed for, and has received, Washington workers' compensation for his injury, and PPV filed a workers' compensation claim for Mr. Hanson in Oregon.

In reply, Plaintiffs argue that the exclusive remedy rule does not apply to either Bravo or PPV because Bravo failed to maintain Oregon workers' compensation coverage for Mr. Hanson and PPV was not Mr. Hanson's employer. Plaintiffs further argue that the Washington three-year statute of limitations should apply because the negligent actions and the injury occurred in Washington. In the alternative, Plaintiffs argue that if the Oregon statute of limitations applies, the discovery rule tolls the running of the limitations period. On September 17, 2012, Plaintiffs discovered through a deposition that Ron Bascue, the supervisor who signed the contract for the Yakima County water tower cleaning job, was a PPV employee. Plaintiffs filed their Complaint within two years after they discovered PPV's alleged involvement.

## STANDARDS

A civil action may be removed from state court to federal court if the federal district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Federal jurisdiction exists over all civil actions between citizens of different States where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction to apply, however, there must be

PAGE 4 – OPINION AND ORDER

complete diversity among the parties, and, as a general rule, if one or more plaintiffs are citizens

of the same State as one or more defendants, federal diversity jurisdiction will be lacking.

*Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

One exception "to the requirement of complete diversity is where a nondiverse defendant

has been 'fraudulently joined.'"[1] *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067

(9th Cir. 2001). In that event, "the district court may ignore the presence of that defendant for the

purpose of establishing diversity." *Hunter*, 582 F.3d at 1043. There is, however, a "general

presumption against fraudulent joinder." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d

1203, 1206 (9th Cir. 2007). Further, Defendants bear a heavy burden of demonstrating fraudulent

joinder by "clear and convincing evidence." *See id.*; *Knutson v. Allis-Chalmers Corp.*, 358 F.

Supp. 2d 983, 995 (D. Nev. 2005) (a defendant asserting fraudulent joinder bears a "heavy

burden").

A motion to remand is the proper procedure for challenging removal. 28 U.S.C. § 1447.

*Moore-Thomas v. Ala. Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). The removal statute is

strictly construed, and the court resolves any doubt in favor of remand. *Provincial Gov't of*

*Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *Gaus v. Miles, Inc.*,

980 F.2d 564, 566 (9th Cir. 1992) (per curiam). There is a "strong presumption" against removal

jurisdiction. *Hunter*, 582 F.3d at 1042 (citation and quotation marks omitted). Further, the party

seeking removal bears the burden of establishing that removal is proper. *Moore-Thomas*, 553

---

[1] As courts and commentators often point out, the phrase "fraudulent joinder" is a "bit
misleading because the doctrine requires neither a showing of fraud nor joinder in one sense." 16
*Moore's Federal Practice* § 107.14[2][c][iv][A], at 107-58 (Matthew Bender 3d ed. 2011).
"Fraudulent joinder does not impugn the integrity of Plaintiffs or their counsel and does not refer
to an intent to deceive." *Dacosta v. Novartis AG*, 180 F. Supp. 2d 1178, 1181 (D. Or. 2001).

F.3d at 1244. Defendants Bravo and PPV must, therefore, overcome "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *Hunter*, 582 F.3d at 1046 (citation and quotation marks omitted).

## DISCUSSION

### A.  Fraudulent Joinder

Joinder is fraudulent if the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *see also* 16 *Moore's Federal Practice* § 107.14[2][c][iv][A], at 107-59 ("In the absence of fraudulent recitation of jurisdictional facts, there is no fraudulent joinder, even if the motive to join the nondiverse party is to defeat diversity jurisdiction, unless there clearly can be no recovery under state law on the alleged cause of action or on the facts as they exist when the motion to remand is heard."). If there is "any possibility" that the plaintiff will be able to establish liability against the party in question, then the joinder was not fraudulent. *Hunter*, 582 F.3d at 1044 (citation omitted).

In most circumstances, the court will only consider the plaintiff's pleadings to determine removability, however, when fraudulent joinder is at issue, the court can go "somewhat further." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). For example, the defendant seeking removal is "entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339. Additionally, the court can "pierce the pleadings" and consider summary judgment-type evidence. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 433 (6th Cir. 2012); *see generally Ritchey*, 139 F.3d at 1318-19. Ordinarily, courts will not consider a nondiverse defendant's defenses on the merits in determining whether that defendant has been fraudulently joined. *See Ritchey*, 139 F.3d

at 1318-19. But the court will consider a defense that is a procedural bar to the action, like a statute of limitations defense. *Id.*

### 1.  **Plaintiffs' Proposed Amended Complaint**

The Defendants argue that the Court should not look beyond Plaintiffs' original complaint. This assertion is unsupported and unpersuasive. While in most instances, courts will not look beyond the pleadings when considering removability, cases where fraudulent joinder is asserted are the exception.[2] *See Ritchey*, 139 F.3d at 1318. Because the Defendants in this case argue that PPV has been fraudulently joined, the Court will "pierce the pleadings" and look at the facts "as they exist at the time of the motion to remand is heard."[3]

Defendants have not proven that there is not "any possibility" that the plaintiff will be able to establish liability under state law against PPV. Plaintiffs' proposed amended complaint asserts two causes of action against PPV: (1) negligence and loss of consortium under either a

---

[2] Defendants quoted *Ritchey* for the assertion that "In deciding whether a cause of action is stated . . . we will look only to a plaintiff's pleadings to determine removability." Dkt. 50 at 3. Two sentences later, however, the *Ritchey* court stated: "At least that is true where there has not been a fraudulent joinder. Where a fraudulent joinder is an issue, we will go somewhat further." 139 F.3d 1318.

[3] Refusing to consider Plaintiffs' proposed amended complaint is also harmful to judicial efficiency. If this Court were to refuse to consider the proposed amended complaint, deny the Motion to Remand, and dismiss PPV, the Plaintiffs could move to amend their complaint and join PPV. Under Rule 15, motions to amend are to be granted liberally when justice requires. Fed. R. Civ. P. 15(a)(2). If the Court allowed the joinder of a nondiverse defendant, the Court would then be required to remand the action to state court. 28 U.S.C. §1447(e). Taking a narrow view of the pleadings would only delay the inevitable—making a decision on whether Plaintiffs' proposed amended complaint, if allowed, would require a remand of the case to state court.

On the other hand, if Defendants successfully move to dismiss PPV in state court, Defendants may be able to remove the case back to federal court. *See* 28 U.S.C. § 1446(b)(3). Thus, one could ask why it isn't more efficient for this Court to address the Motion to Dismiss now. Even under this scenario, however, the Court does not have subject matter jurisdiction to address the Motion to Dismiss, and under the law of removal, this matter must be left to the state court.

PAGE 7 – OPINION AND ORDER

principal-agent theory of liability or an alter ego veil piercing theory of liability; (2) violation of the Oregon Employer Liability Law. Although Defendants have asserted substantive defenses against these theories, this is neither the right time nor the right forum to consider these substantive arguments. *Ritchey*, 139 F.3d at 1318.

### 2. Defendants' Procedural Defenses

Defendants, however, have timely and properly raised two procedural defenses to Plaintiff's causes of action—the statute of limitations and the exclusive remedy rule. Defendants argue that the Oregon two-year statute of limitations for personal injury should apply because the Plaintiffs have asserted claims under Oregon law. *See* Or. Rev. Stat. § 12.430(2). Because Plaintiffs' injuries occurred on June 21, 2010 and the Complaint in this case was not filed until March 27, 2013, Defendants argue the action is time barred.

In response, Plaintiffs argue that Washington's three-year statute of limitations should apply because Mr. Hanson's injuries occurred in Washington and Defendants' allegedly tortious conduct occurred in Washington. *See* Or. Rev. Stat. § 15.440. Alternatively, Plaintiffs assert that even if Oregon's statute of limitations governs the action, the discovery rule applies, thus tolling the onset of the two-year statute of limitations. It was not until September 17, 2012, that Plaintiffs discovered that Ron Bascue, the supervisor who signed the contract for the Yakima County water tower cleaning job, was a PPV employee. *See Cole v. Sunnyside Marketplace, LLC*, 160 P.3d 1, 6 (Or. Ct. App. 2007) (holding that the discovery rule applies to the Oregon statute of limitations for personal injury causes of action).

Assuming without deciding that Oregon's two-year statute of limitations applies, Defendants still cannot prove that Plaintiffs have no "possibility" of succeeding on the state law claim because of the statute of limitations. Plaintiffs have asserted sufficient facts that raise the

issue of the discovery rule, and resolving all doubt in favor of remand, this is enough to find that Defendants have not met their "heavy burden."

In response to Defendants' argument under the exclusive remedy rule, Plaintiffs assert that PPV has never been Mr. Hanson's employer and thus, PPV is not entitled to the exclusive remedy protections provided by either the Washington or Oregon workers' compensation laws. *See* Or. Rev. Stat. § 656.023; Wash. Rev. Code Ann. § 51.32.010. If Mr. Hanson was never "employed" by PPV, then, Plaintiffs argue, PPV cannot avoid liability through the workers' compensation system. Defendants respond that even if PPV was not Mr. Hanson's employer, under the Washington exclusive remedy rule, Plaintiffs are excluded from filing a cause of action against *any* party (even a non-employer) for an injury that was covered by the workers' compensation system. The law is not clear as to whether a non-employer would be protected by the Washington exclusive remedy rule; thus, in order to decide this issue, the Court would need to delve into substantive legal analysis. This takes Defendants' exclusive remedy defense beyond the scope of the clear cut procedural defense envisioned by the *Ritchey* court. *See Ritchey*, 139 F.3d at 1318. Therefore, Plaintiffs' assertion that Hanson was never an employee of PPV is enough to overcome Defendants' defense at this stage in the proceedings where the Court should not engage in an analysis of the substantive merits of the defense, and where Defendants face "both the strong presumption against removal jurisdiction and the general presumption against fraudulent joinder." *See Hunter*, 582 F.3d at 1046 (citation and quotation marks omitted); *Ritchey*, 139 F.3d at 1318-19.

For all of these reasons, and resolving all doubt in favor of remand, Defendants' procedural defenses do not negate Plaintiffs' asserted causes of action against PPV. Therefore, considering the facts as they exist at the time of this motion to remand, including Plaintiffs'

PAGE 9 – OPINION AND ORDER

proposed amended complaint, the Defendants have not carried their heavy burden of proving by clear and convincing evidence that Plaintiffs have failed to state a cause of action against PPV.

## CONCLUSION

Plaintiffs' Motion to Remand (Dkt. 15) is GRANTED and the case is REMANDED to the Multnomah County Circuit Court for the State of Oregon. Defendants' Motion to Dismiss (Dkt. 12) is DENIED without prejudice as moot.

**IT IS SO ORDERED**.

DATED this 11th day of September, 2013.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge